IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GLORIA Y. IRIGOYEN,

    Plaintiff,

v.                                                     No. 11-CV-064 RB/GBW

CITY OF SUNLAND PARK,

    Defendant.

## ORDER DENYING
## MOTION TO EXTEND TIME TO FILE DISPOSITIVE MOTIONS

This matter comes before the Court on Defendant's Motion to Extend Time to File Dispositive Motions. *Doc. 38*. The Court will deny the Motion because Defendant fails to show good cause to extend the deadline.

In a scheduling order issued May 6, 2011, the Court stated that "[p]retrial motions, other than discovery motions, shall be filed with the Court and served on opposing party by November 14, 2011." *Doc. 17* at 2. Nonetheless, Defendant did not file the instant motion requesting an extension of this deadline, until January 19, 2012, more than two months after the expiration of the relevant deadline. Defendant has filed no dispositive motions.

Scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "'The primary measure of Rule 16's 'good cause'

standard is the moving party's diligence in attempting to meet the case management order's requirements.'"  *Rowen v. State of New Mexico*, 210 F.R.D. 250, 252 (D.N.M. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)); *see also*, *Pfeiffer v. Eagle Mfg. Co.*, 137 F.R.D. 352, 355 (D. Kan. 1991).  District courts have "wide discretion" in applying Rule 16.  *Bylin v. Billings*, 568 F.3d 1224, 1231-32 (10th Cir. 2009).

The Court has reviewed Defendant's explanation for failing to meet the dispositive motion deadline.  While the Court recognizes the busy schedule of Defendant's counsel, the explanations do not establish good cause for seeking the extension two months after the deadline's expiration.  Moreover, granting the extension at this late date would interfere with the Court's management of the case.  Specifically, a substantive motion even if filed expeditiously would not be fully briefed until April 2012.  Such a delay would imperil the current June 2012 trial setting which was based on a dispositive motion deadline in November of 2011.

For the reasons set forth above, the Court finds that Defendant has failed to establish good cause to modify the scheduling order, and the Court will therefore deny the motion.

Wherefore, **IT IS HEREBY ORDERED** that Defendant's Motion is **DENIED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE